BLACK ET AL. *v.* PARHAM.

[No. 15,610.   Filed January 31, 1936.]

*George A. Hofmann,* for appellants.

*W. T. Stoops,* for appellee.

CURTIS, C. J.—The action in the trial court was upon a complaint in one paragraph upon an account. There was an answer of general denial and also a cross-complaint to which latter there was an answer in general denial. The cause was submitted to a jury for trial resulting in a verdict in the sum of

Two Hundred Seventy-five ($275.00) Dollars for the appellee, upon which judgment was rendered. A motion for a new trial was filed and overruled and this appeal followed. The error properly assigned is the ruling on said motion. We need not set out the causes of the motion and discuss the errors sought to be presented for the reason that there is a motion by the appellee to dismiss the appeal which must be sustained. Of this motion the appellant has had timely notice. It is not supported by affidavit but since it is founded upon matters of fact apparent on the record, said motion need not be verified. See Rule 10 of this court.

The motion to dismiss and the record disclose that the judgment appealed from was entered on February 27, 1935; that the motion for a new trial was overruled April 24, 1935; that the attempted appeal is a vacation appeal; that unofficial notice of appeal was served upon the appellee's attorney by the appellants on May 24, 1935; that the transcript was filed in this court on October 8, 1935, which was more than 60 days after the said unofficial notice had been served, and that no notice has ever been issued or served upon the appellant since the transcript was filed.

The unofficial notice served by the appellant upon the appellee's attorney on May 24, 1935, is of no avail to the appellant by reason of the fact that the transcript was filed in the clerk's office of this court more than 60 days after said notice was served. See rule two of this court which provides that, "If notice of an appeal not taken in term shall be given below, the transcript must be filed in the clerk's office within sixty days from the time of giving such notice, and before the expiration of the time allowed for taking the appeal, or the notice shall be without effect. But if the time for taking an appeal has not expired a notice may be issued and served as in other cases of vacation appeals." No attempt was

made by the appellants to bring the appellee into court by the method laid down in the latter part of said rule. This court takes judicial notice of the fact and knows judicially that the appellants' appeal time is long past.

Rule 36 of this court also provides as follows:

"Where a case not appealed in term has been on the docket ninety days or more, and there is no appearance by the appellee, and no steps have been taken to bring him into court; or where a notice has been issued and proves ineffectual from any cause, and no steps are taken for more than ninety days after the issuance of such ineffectual notice to bring the appellee into court, the clerk shall enter an order dismissing the appeal."

It is apparent from the foregoing that this court does not have jurisdiction of this appeal any further than to order a dismissal, which is now done.

Appeal dismissed.